UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RICHARD RUSSO,

                      Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                           2:17-cv-4317 (DRH)(AYS)

    -against-

SYSTEM INTEGRATORS INC., JOE WARNER,
in his official and individual capacity, KELLI
ANGLEBERGER, in her official and individual
capacity,

                      Defendants.
---------------------------------------------------------------X

**APPEARANCES**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
Attorneys for Plaintiff
556 Peninsula Blvd.
Hempstead, New York 11550
By:    Frederick K. Brewington, Esq.

**MILES & STOCKBRIDGE, PC**
Attorneys for Defendants
100 Light Street
Baltimore, Maryland 21202
By:    Suzanne White Decker, Esq.
        Amber Jackson, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Richard Russo ("Plaintiff") brings this action against his former employer

System Integrators, Inc. ("System"), his former direct supervisor Joe Warner ("Warner"), and

System's office manager Kelli Angleberger ("Angleberger") (collectively, "Defendants"),

asserting claims for discrimination and retaliation under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000-e *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law

§ 296 *et seq.*; 42 U.S.C. § 1981; and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Presently before the Court is Defendants Warner's motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5) ("Rule 12(b)(5)"), as well as both Defendants Warner's and Angleberger's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P 12(b)(2) ("Rule 12(b)(2)"). Plaintiff opposes the motion. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the Complaint and are presumed to be true for purposes of this motion. In or about April 2015, Plaintiff, a white male, was hired as a Lead Technician in System's Woodland Park, New Jersey office. (Compl. ¶ 14.) System specialized in installation, integration, deinstallation, testing, and maintenance of wireless networks and communications equipment. (*Id.* ¶ 11.) Plaintiff worked on a variety of customer sites in New Jersey and New York. (*Id.* ¶ 15.) Plaintiff worked with two male coworkers: Tyrus Hughes, an African American person; and Al Perry, a person of Puerto Rican descent. (*Id.* ¶ 16.) During this time, Defendant Warner, a white male, was a director for Systems and Plaintiff's direct supervisor. (*Id.* ¶ 12.) Defendant Angleberger, a white female, was System's office manager. (*Id.* ¶ 13.)

Beginning in or about May 2015, Defendant Warner made racist comments and remarks to Plaintiff about two coworkers. (*Id.* ¶¶ 17-18.) Defendant Warner also told racist jokes to Plaintiff and showed him racist pictures. (*Id.* ¶¶ 19-20.) When Plaintiff complained to Defendant Warner that he was creating a hostile work environment, Warner "threatened that he would terminate anyone who called OSHA." (*Id.* ¶ 21.) In or about May or June 2015, Plaintiff

complained to Defendant Angleberger about Warner creating an offensive and hostile work environment, but she did nothing to resolve his concerns.  (*Id.* ¶ 22.)

On July 6, 2015, after Plaintiff was injured in an on-the-job car accident, he was found to have Hodgkins Lymphoma, stage four cancer, which required immediate treatment.  (*Id.* ¶ 23.)  On July 22, 2015, Memorial Sloan Kettering Cancer Center sent System a letter informing System of Plaintiff's Hodgkins Lymphona and stating that he could return to work on July 27, 2015.  (*Id.* ¶ 24.)  On August 3, 2015, Plaintiff gave System a note from his physician assistant stating that he could return to work on a restricted basis and requesting an accommodation for neck and back issues—presumably stemming from the car accident—and for his cancer.  (*Id.* ¶ 25.)  In response, Warner told Plaintiff that an accommodation would not be a good idea and that Plaintiff should quit because he would be "tired, dizzy, and unable to breathe properly."  (*Id.* ¶ 26.)  Shortly thereafter, Angleberger told Plaintiff that System had no light or restricted-duty work available, and that Plaintiff would not be permitted to return to work until System received a letter clearing him for full duty without physical limitations.  (*Id.*)  At the end of August, Plaintiff's doctor notified him that he could not return to work, so Plaintiff took a leave of absence.  (*Id.* ¶ 27.)  While on leave, Plaintiff maintained "constant communication" with Defendant Angleberger, requesting accommodations for when he was cleared to work.  (*Id.*)  His last letter requesting accommodations was December 17, 2015.  (*Id.*)  The next day, Plaintiff was terminated, purportedly because "the office was closing," even though Plaintiff made it clear that he was willing to work at any other office or work site.  (*Id.* ¶ 28.)  Plaintiff maintains that Defendant Angleberger fired him, and that "Defendants . . . retaliated against [him] because he complained about Warner's discrimination.  (*Id.* ¶ 37.)

Thereafter, Plaintiff filed administrative charges of discrimination and retaliation with the New York State Division of Human Rights and the Equal Employment Opportunity Commission. (*Id.* ¶ 7.) Eventually, Plaintiff received a Notice of Right to Sue and commenced this action. (*Id.* ¶ 9.) In response to the Complaint, and before discovery, Defendants Warner and Angleberger filed the present motion to dismiss for insufficient service of process under Rule 12(b)(5) as to Defendant Warner, and lack of personal jurisdiction under Rule 12(b)(2) as to both Defendants Warner and Angleberger.

**DISCUSSION**

I. *The Motion to Dismiss Pursuant to Rule 12(b)(5) is Denied*

   a. Rule 12(b)(5) Legal Standard

On a motion to dismiss under Rule 12(b)(5) challenging the sufficiency of service of process, it is the plaintiff's burden of proof to establish the adequacy of service. *Hertzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007). In considering the motion, the court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether service was adequate. *Werst v. Sarar USA Inc.*, No. 17-CV-2181, 2018 WL 1399343, at *2 (S.D.N.Y. Mar. 16, 2018).

Fed. R. Civ. P. 4 ("Rule 4") governs the requirements for sufficient service of process. Under Rule 4(e), service upon an individual is made by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"

or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process[.]" Rule 4(e)(2).

Here, the relevant state law is New York law. New York Civil Practice Law and Rules ("CPLR") § 308(2) provides that personal service upon a natural person may be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business [subject to certain other specific requirements], such delivery and mailing to be effected within twenty days of each other . . . .

CPLR § 308(2).

### b. Service of Process on Defendant Warner

Defendant Warner maintains that he was not served in the manner prescribed by Rule 4(e), namely, either in accordance with the law of New York or in accordance with any of the other methods listed in Rule 4(e)(2).

Plaintiff, on the other hand, claims to have effectuated service on Defendant Warner in accordance with CPLR § 308(2). According to Defendant Warner, Plaintiff attempted to serve him by personally delivering a copy of the Summons and Complaint to Defendant Angleberger, admittedly a person of suitable age and discretion. However, Warner claims that Plaintiff has failed to show that he also mailed the summons, as required by CPLR § 308(2). Defendant Warner refers the Court to an Affidavit of Service filed on October 23, 2017 (ECF No. 6-1), which does not indicate that the required mailing was made. (*See* Def.'s Reply Mem. [ECF No. 21] at 2.) In response, Plaintiff refers the Court to an Affidavit of Service filed December 13, 2017 (ECF No. 16)–before the motion to dismiss was brought–correcting the service information in the October 23, 2017 Affidavit (ECF No. 6-1) to include that the required mailing was, in fact, made. (*See* Mem. in Opp. [ECF No. 18] at 2. Defendant Warner does not challenge the

or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process[.]" Rule 4(e)(2).

Here, the relevant state law is New York law. New York Civil Practice Law and Rules ("CPLR") § 308(2) provides that personal service upon a natural person may be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business [subject to certain other specific requirements], such delivery and mailing to be effected within twenty days of each other . . . .

CPLR § 308(2).

### b. Service of Process on Defendant Warner

Defendant Warner maintains that he was not served in the manner prescribed by Rule 4(e), namely, either in accordance with the law of New York or in accordance with any of the other methods listed in Rule 4(e)(2).

Plaintiff, on the other hand, claims to have effectuated service on Defendant Warner in accordance with CPLR § 308(2). According to Defendant Warner, Plaintiff attempted to serve him by personally delivering a copy of the Summons and Complaint to Defendant Angleberger, admittedly a person of suitable age and discretion. However, Warner claims that Plaintiff has failed to show that he also mailed the summons, as required by CPLR § 308(2). Defendant Warner refers the Court to an Affidavit of Service filed on October 23, 2017 (ECF No. 6-1), which does not indicate that the required mailing was made. (*See* Def.'s Reply Mem. [ECF No. 21] at 2.) In response, Plaintiff refers the Court to an Affidavit of Service filed December 13, 2017 (ECF No. 16)–before the motion to dismiss was brought–correcting the service information in the October 23, 2017 Affidavit (ECF No. 6-1) to include that the required mailing was, in fact, made. (*See* Mem. in Opp. [ECF No. 18] at 2. Defendant Warner does not challenge the

December 13, 2017 Affidavit in his reply papers. Accordingly, the Court will treat the December 13, 2017 Affidavit as relating back to the filing date of the October 13, 2017 Affidavit. Given that the December 13, 2017 Affidavit shows that service on Defendant Warner comports with the requirements of CPLR § 308(2), the motion to dismiss for insufficient service of process under Rule 12(b)(5) is denied.

    II. *The Motion to Dismiss Pursuant to Rule 12(b)(2) is Granted*

        a. Rule 12(b)(2) Legal Standard

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996). Where, as here, the parties have not yet conducted discovery, a plaintiff may defeat a defendant's Rule 12(b)(2) motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." *Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.*, 379 F. Supp. 2d 282, 285 (E.D.N.Y.2005). Moreover, given the early stage of the proceedings here, the Court must view the pleadings in the light most favorable to the plaintiff, *see Sills v. The Ronald Reagan Presidential Found., Inc.,* 2009 WL 1490852, *5 (S.D.N.Y. May 27, 2009), and when evidence is presented, "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party," *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 80 (2d Cir. 1993). However, the Court is not bound by conclusory statements, without supporting facts. *Jazini v. Nissan Motor Co. Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998).

In a diversity case, a federal district court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution. *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d

Cir. 2001). In New York, courts may exercise either general or specific jurisdiction over defendants. Pursuant to general jurisdiction, courts in New York can adjudicate *all* claims against an individual or a corporation, even those unrelated to its contacts with the state. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). General jurisdiction is not at issue here.

The existence of specific jurisdiction "depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citations omitted). C.P.L.R. § 302(a), New York's "long-arm" statute, allows for specific jurisdiction over non-domiciliaries and provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state." Courts have found that this subsection of New York's long-arm statute effectively has two prongs: "(1) '[t]he defendant must have transacted business within the state,' either itself or through an agent, and (2) 'the claim asserted must arise from that business activity.'" *Powell v. Monarch Recovery Management, Inc.*, 2016 WL 8711210, at *6 (E.D.N.Y. 2016) (quoting *Licci ex rel Licci v. Lebanese Canadian Bank, SAL* ,732 F.3d 161, 168 (2d Cir. 2013) (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006))).

Here, Russo asserts that both Defendants Warner and Angleberger are subject to specific jurisdiction under CPLR § 302(a)(1) and § 302(a)(3)(iii) of New York's long-arm statute. The Court will consider each of these arguments individually, and if the requirements of CPLR § 302(a) are satisfied, then the Court will determine whether the exercise of jurisdiction

comports with due process.  *Licci v. Lebanese Canadian Bank, SAL*, 673 F. 3d 50, 61 (2d Cir. 2012).

      b. CPLR § 302(a)(1)

The "transacting business" provision of CPLR § 302(a)(1) establishes that a "court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."  Pursuant to this provision, a "party need not be physically present in the state at the time of service" in order for the court to obtain personal jurisdiction over that party.  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999).  To extend personal jurisdiction to a nonresident under § 302(a)(1), however, two conditions must be met.  First, the nonresident must have "purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws."  *Id.* (internal quotation marks omitted; alteration in original).  Second, there must be a "substantial nexus" between the business transacted in the state of New York and the claims asserted.  *Beeney v. InSightec, Inc.*, No. 13-CV-8022, 2014 WL 3610941, at *2 (S.D.N.Y. July 7, 2014).  "Ultimately, the analysis must focus on the nature and quality of the individual defendant's contact with the forum and whether such contact has a strong relationship to the claims based on the totality of the circumstances."  *Id.* at *3.

      c. Personal Jurisdiction over Defendants Warner and Angleberger under CPLR § 302(a)(1)

Neither Defendant Warner nor Defendant Angleberger submitted affidavits or other evidentiary materials with their initial moving papers.  Plaintiff, likewise, did not submit affidavits or other evidentiary materials in opposition.  Only with their reply papers did Defendants Warner and Angleberger submit declarations, purporting to show that each lacks

sufficient contacts with New York for the proper exercise of personal jurisdiction. (*See* Aff. in Support [ECF No. 21-1]; Aff. in Support [ECF No. 21-2].) Plaintiff did not respond to the declarations, as the Court's procedures do not call for surreply papers. Given that the declarations were submitted for the first time in reply, and have not been addressed by Plaintiff, the Court limits its determination of the sufficiency of Plaintiff's showing to the allegations of the Complaint.[1]

Based on the allegations in the Complaint, neither of the two conditions for personal jurisdiction over a nonresident are met as to Defendants Warner or Angleberger. As noted above, Defendant Warner allegedly made racist comments and remarks to Plaintiff, and told racist jokes and showed racist pictures to Plaintiff. (*Compl.* ¶¶ 17-20.) However, the Complaint does not specify whether Defendant Warner's alleged racist comments, remarks, jokes, and pictures were directed at Plaintiff in New York. Thus, these allegations are not sufficient to show that Warner engaged in any specific instances of "discriminatory conduct directed at New York." *Beeney*, 2014 WL 3610941, at*3 (in discrimination case, finding no personal jurisdiction over individual defendant where plaintiff did not allege that defendant engaged in any specific instances of "discriminatory conduct directed at New York"). Defendant Warner also allegedly told Plaintiff that an accommodation for his reported disability would not be a good idea and that Plaintiff should quit. (*Compl.* ¶ 26.) Even assuming that this communication occurred while Plaintiff was in New York, without more detail as to the nature of this communication and its relation to the claims of discrimination or retaliation, the Court cannot say that it is sufficient to constitute the transaction of business in New York. *See Litton v. Avomex, Inc.*, No. 08-CV-1340,

---

[1] To the extent that Plaintiff makes unsupported factual assertions in his brief as to the mode or location of communications or acts referenced in the Complaint, the Court will not consider those assertions for this motion.

2010 WL 160121, at *6 (N.D.N.Y Jan. 14, 2010) (finding that a telephone call to the plaintiff in New York during which the plaintiff was laid off "is not enough to establish that [defendant] was physically present within the state for jurisdictional purposes of a claim of discrimination and retaliation); *see also Palace Expl. Co. v. Petroleum Dev. Co.*, 41 F Supp. 2d 427, 433 (S.D.N.Y. 1998) ("[I]t is . . . well-settled that, generally, telephone and mail contacts do not constitute 'transacting business' under [§ 302(a)(1)]"). Moreover, Plaintiff's allegations do not show that Warner "purposefully availed [himself] of the privilege of conducting activities within New York." *See Bank Brussels Lambert*, 171 F.3d at 787 (internal quotation marks omitted; alteration in original). As a result, the allegations in the Complaint are not sufficient to show that Defendant Warner transacted business in New York for purposes of Plaintiff's discrimination and retaliation claims. *Beeney*, 2014 WL 3610941, at *3.

With regards to Defendant Angleberger, she allegedly told Plaintiff, in response to his request for an accommodation, that System had no light or restricted-duty work available and that Plaintiff would not be permitted to return to work until System received a letter clearing him for full duty without physical limitations. (*Compl.* ¶¶ 26.) Plaintiff also allegedly maintained "constant communication" with Defendant Angleberger regarding accommodations, and she fired Plaintiff in retaliation for his complaints of discrimination. (*Id.* ¶¶ 27-28, 36-37.) Even assuming that these communications occurred while Plaintiff was in New York, without more detail as to the nature of these communications and their relation to the claims of discrimination and retaliation, the Court cannot say that they are sufficient to constitute the transaction of business in New York. *See Litton*, 2010 WL 160121, at *6; *Palace Exploration*, 41 F Supp. 2d at 433. Moreover, Plaintiff's allegations do not show that Angleberger "purposefully availed

[herself] of the privilege of conducting activities within New York." *See Bank Brussels Lambert*, 171 F.3d at 787 (internal quotation marks omitted).

  d. CPLR § 302(a)(3)(ii)

Under CPLR § 302(a)(3)(ii), as relevant here, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ."

  e. Personal Jurisdiction over Defendants Warner and Angleberger under CPLR § 302(a)(3)(ii)

Plaintiff's allegations fail to meet the requirements of § 302(a)(3)(ii) as to either Warner or Angleberger, most notably because the Complaint does not allege that either one of them derived substantial revenue from interstate or international commerce. Instead, Plaintiff makes only conclusory assertions in his Memorandum in Opposition that "Warner derived substantial revenue from the work performed each day by [Plaintiff], who is also an agent of . . . System and Warner," and that "Defendants" received unspecified "benefits" from their "contact, supervision and communication with the state of New York." (Mem. in Opp. at 11, 15.) In any event, there is no basis for imputing System's revenue (which amount is not even referenced) to Defendants Warner or Angleberger for jurisdictional purposes. *See Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 360 (S.D.N.Y. 2007) ("The revenue of a corporation is imputed to individuals for jurisdictional purposes only if they are major shareholders") (citing *Siegel v. Holson Co.*, 768 F. Supp. 444, 446 (S.D.N.Y. 1991)).

Given that the Complaint fails to allege facts sufficient to satisfy personal jurisdiction over either Defendants Warner or Angleberger under CPLR § 302, the Court need not address whether the exercise of jurisdiction would comport with due process.

*III. Plaintiff's Request for Jurisdictional Discovery*

Plaintiff requests that the motion be denied so that he may take jurisdictional discovery. (Mem. in Opp.. at 15-16.) This Court recognizes that it has discretion to order jurisdictional discovery. *See, e.g.*, *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194-96 (E.D.N.Y.2014) ("It is well settled under Second Circuit law that, even where a plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record."). However, jurisdictional discovery is only appropriate when Plaintiff has asserted "specific, non-conclusory facts that, if further developed, could demonstrate substantial state contacts." *Leon*, 992 F. Supp. 2d at 195 (quoting *Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x. 738, 739 (2d Cir. 2002) (unpublished opinion); *see also Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, 731 F. Supp. 587, 593 (S.D.N.Y.1990) ("[P]laintiffs are entitled to discovery regarding the issue of personal jurisdiction if they have made a sufficient start, and shown their position not to be frivolous").

Here, Plaintiff has not made a "sufficient start" in showing that this Court has personal jurisdiction over Defendants Warner and Angleberger. Neither of these two defendants live or work in New York, and Plaintiff's only allegation that the Defendants had contacts with the State of New York are the phone calls in question. Plaintiff has not provided the Court with any reason to infer that an opportunity to develop the record would be anything other than frivolous. Accordingly, Plaintiff's request for jurisdictional discovery is denied.

## CONCLUSION

For the foregoing reasons, Defendant Warner and Angleberger's motion to dismiss is granted in part and denied in part. It is denied to the extent that Defendant Warner moves to dismiss for insufficient service of process, as Plaintiff has shown that service was sufficient. However, it is granted to the extent that Defendants Warner and Angleberger move to dismiss for lack of personal jurisdiction. Furthermore, Plaintiff's request to take jurisdictional discovery is denied. The Clerk of Court is directed to dismiss Defendants Warner and Angleberger.

**SO ORDERED.**

Dated: Central Islip, New York
      August 28, 2018

                                  /s/
                              Denis R. Hurley
                              Unites States District Judge